IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY RAIFSNIDER                                                              PLAINTIFF

v.                          Civil No. 06-5022

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
LT. CARTER; OFFICER
ARHANGELSKY; and CPL. TOMLIN                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Larry Raifsnider, currently an inmate in the United States Penitentiary in Adelanto, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2006. When he filed the case, he was incarcerated at the Benton County Detention Center. Raifsnider is proceeding pro se and in forma pauperis (IFP).

On July 21, 2006, he filed the instant motion for a temporary restraining order or preliminary injunction (Doc. 7). He also submitted to the court a change of address that same day indicating his new address was the United States Penitentiary in Adelanto, California (Doc. 6).

At the time, service of the complaint had not yet been directed on the defendants. Service of the complaint was directed by order entered on July 24, 2006 (Doc. 8). An answer was filed by the defendants on August 15, 2006 (Doc. 14).

## DISCUSSION

Raifsnider contends that on January 17, 2006, deputies from Benton County kidnaped him from the United States Penitentiary in California. Plaintiff maintains he was not given an

-1-

extradition hearing. He indicates he was shackled and transported in the back seat of a small cruiser and not permitted to stretch or use the bathroom for four to six hours at a time.

On January 19, 2006, Raifsnider indicates he arrived at the Benton County Detention Center (BCDC). Raifsnider alleges he was placed in solitary confinement in the booking room overnight and not permitted to make a phone call to let his family know where he was.

Raifsnider contends that during his incarceration at the BCDC he was subjected to inhumane conditions of confinement. He alleges, among other things: he was forced to sleep on a wafer thin mattress; his mattress was taken away for non-existence rule violations; he was denied medical attention; he was not permitted to have sufficient writing materials to correspond with family and friends; he was not permitted to have magazines, subscriptions or publications in violation of his First Amendment rights; he was provided with insufficient hygiene supplies and not permitted to shave; his meals were served cold; and he has been placed in segregation for non-disciplinary reasons and denied due process in connection with the placement.

Raifsnider filed the motion for temporary restraining order or preliminary injunction (Doc. 7) asking to be housed in another county facility out of fear for his life and safety. He alleges that Sheriff Ferguson has a personal vendetta against him and has ordered his officers to hold Raifsnider in isolation.

In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

In this case, plaintiff's motion should be denied. On the day the motion was filed, a change of address was also filed by the plaintiff. The plaintiff is once again incarcerated in California. In view of the fact that plaintiff is no longer at the BCDC and not subject to the rules at that facility or under the care and custody of the defendants, the request for injunctive relief should be denied. *See e.g., Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006)(claims for injunctive relief moot when the period of isolation ended before he began serving his current prison term and there is no reasonable expectation that he will be placed in isolation on his release from federal custody); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)(inmate's claim for injunctive relief to improve prison conditions was moot when he was transferred to another facility and was no longer subject to those conditions); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)(when prisoner was moved from offending unit to another location, his claim for injunctive relief to improve prison conditions was moot because he was no longer subject to those conditions).

AO72A
(Rev. 8/82)

## CONCLUSION

I therefore recommend Raifsnider's motion for an injunction or temporary restraining order be denied.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)