IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY RAIFSNIDER                                          PLAINTIFF

                v.                                Civil No. 06-5022

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
LT. CARTER; OFFICER
ARHANGELSKY; and CPL. TOMLIN                           DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Larry Raifsnider filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on February 8, 2006. He proceeds pro se and *in forma pauperis.*

By order entered on October 30, 2006 (Doc. 17), the plaintiff was given until November 20, 2006, to respond to the defendants' discovery requests. On December 8, 2006, the defendants filed a motion to dismiss (Doc. 20). In their motion, defendants indicate plaintiff has failed to respond to the discovery requests.

On December 19, 2006, a show cause order was entered (Doc. 22). Plaintiff was given until January 12, 2007, to show cause why this action should not be dismissed based on his failure to comply with an order of this court and his failure to prosecute this action by providing defendants with the discovery responses. Plaintiff was advised that if he failed to respond to the show cause order his case would be subject to dismissal based on his failure to obey an order of the court and his failure to prosecute this action.

To date, plaintiff has failed to respond to the show cause order. Plaintiff has not requested an extension of time to respond to the show cause order. The show cause order was

-1-

not returned to the court by the United States Postal Service as undeliverable. Plaintiff has not communicated with the court in anyway.

I therefore recommend that the defendants' motion to dismiss be granted and that this case be dismissed with prejudice based on the plaintiff's failure to obey an order of the court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)